**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **SUKHVINDER SINGH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-308-G** |
| | ) | |
| **JOSHUA JOHNSON, Field Office Director of Enforcement and Removal Operations, Dallas Field Office, Immigration and Customs Enforcement, et al.,** | ) | |
| | ) | |
| **Respondents.**[1] | ) | |

**ORDER**

Petitioner Sukhvinder Singh filed a Petition for Writ of Habeas Corpus ("Petition," Doc. No. 1) pursuant to 28 U.S.C. § 2241, challenging Petitioner's detention by U.S. Immigration and Customs Enforcement ("ICE"). Certain Respondents have filed an Answer (Doc. No. 9). No reply was filed within the time allowed.

*I. Background*

Petitioner "is a citizen of India," who "entered the United States on April 05, 2023." Pet. ¶¶ 14, 40. Immigration officials charged Petitioner with "being inadmissible under 8

---

[1] Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"), Todd Blanche, Attorney General of the United States, and Chris Gantt, Warden of Cimarron Correctional Facility, are hereby substituted as respondents for Kristi Noem, Pamela Bondi, and Scarlet Grant, respectively, pursuant to Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure. The appearing respondents are: Secretary Mullin; Attorney General Blanche; and Joshua Johnson, Field Office Director of Enforcement and Removal Operations, Dallas Field Office, Immigration and Customs Enforcement.

U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection." *Id.* ¶ 41.

According to Respondents, "Petitioner was encountered by the Oklahoma Highway Patrol ('OHP') on August 22, 2025," at the scene of a motor vehicle collision. Answer at 16. "At the conclusion of the traffic investigation, Petitioner was turned over to ICE." *Id.* "Petitioner was detained by ICE pursuant to 8 U.S.C. § 1225(b)(2)(A) and is held in custody at the Cimarron Detention Facility in Cushing, Oklahoma." *Id.*; *see also* Pet. ¶ 42.

As a result of being charged under 8 U.S.C. § 1182(a)(6)(A)(i), "DHS denied [Petitioner] release from immigration custody" because he was "subject to detention under 8 U.S.C. § 1225(b)(2)(A) and therefore ineligible to be released on bond." Pet. ¶¶ 2, 43.

## *II. Discussion*

### *A. Petitioner's Claims and Respondents' Answer*

Petitioner argues that Respondents' detention of him pursuant to 8 U.S.C. § 1225(b)(2)(A) "unlawfully mandates his continued detention and violates" the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq., and the due process rights afforded him by the Fifth Amendment. Pet. ¶¶ 39, 46-47, 49-52. Petitioner seeks habeas relief in the form of an order of release from detention or, alternatively, provision of a bond hearing. *See id.* at 22.

Invoking multiple statutory interpretation arguments, Respondents argue that the "plain language of § 1225(b)(2)(A) straightforwardly applies in this case" and that "Petitioner's statutory assertions misread the INA and cannot account for the statutory definition of 'applicants for admission.'" Answer at 17, 20-22; *see also Munoz v. Holt*,

No. CIV-25-1190-G, 2026 WL 2200433, at *2-3 (W.D. Okla. July 30, 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235, 1240 (10th Cir. 2026).

*B. The Inapplicability of 8 U.S.C. § 1225(b)(2)(A)*

Following the submission of the Answer, the Tenth Circuit held that § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to [noncitizens] seeking admission" at the border of the United States. *Santillan Quiroz*, 180 F.4th at 1239-40. The Tenth Circuit further held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are," instead, "usually subject to [8 U.S.C. § 1226(a)] (and thus eligible for bond)." *Id.* at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing").

Respondents' position is foreclosed by *Santillan Quiroz*. Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. *See* Answer at 16; *Santillan Quiroz*, 180 F.4th at 1233-34. And as in *Santillan Quiroz*, Petitioner has been held in detention without a bond hearing or other "opportunity to argue for release." *Santillan Quiroz*, 180 F.4th at 1233-34; *see* Pet. ¶¶ 2, 43. Accordingly, § 1225(b)(2)(A) is inapplicable. *See Santillan Quiroz*, 180 F.4th at 1246-51. Because Petitioner "can properly be subject to detention under § 1226(a)," he is entitled to a bond hearing. *Id.* at 1251 n.13. Given this determination, the Court need not address

Petitioner's remaining claim for relief. *See Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *2 & n.2 (W.D. Okla. July 14, 2026).[2]

*C. Petitioner's Request for Fees and Costs*

Petitioner also requests attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). *See* Pet. at 22.

The EAJA "unambiguously authorize[s] fees in habeas actions challenging immigration detention." *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025), *petition for cert. filed*, No. 26-146 (U.S. July 30, 2026). Such attorney's fees must be sought pursuant to the EAJA and by separate motion, however. *See id.*; Fed. R. Civ. P. 54(d)(2), 81(a)(4); LCvR 54.2. Any recovery of costs is governed by 28 U.S.C. §§ 1920 and 2412(a), Federal Rule of Civil Procedure 54(d)(1), and Local Civil Rule 54.1.

CONCLUSION

In accordance with the above, the Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's claim for relief based upon a violation of the INA.

---

[2] Respondents also argue that Petitioner's INA violation claim "challenges [the Department of Homeland Security's] decision to detain Petitioner under § 1225(b)(2)(A) and therefore runs headlong into the INA's jurisdiction channeling and stripping provisions, depriving this Court of jurisdiction." Answer at 17-20 (citing 8 U.S.C. §§ 1226(e), 1252(b)(9), (g)). Because Petitioner claims Respondents "violate[d] the INA" by "unlawfully" detaining him pursuant to § 1225(b)(2), Pet. ¶¶ 46-47, Petitioner "challenges one of the many . . . decisions or actions that may be part of the deportation process" "to which § 1252(g) is inapplicable." *Munoz*, 2026 WL 2200433, at *2 (internal quotation marks omitted) (concluding that the relevant statutes do not deprive the Court of jurisdiction to consider a habeas claim for violation of the INA based upon the detention of a noncitizen); *see Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *Mukantagara v. U.S. Dep't of Homeland Sec.*, 67 F.4th 1113, 1116 (10th Cir. 2023).

IT IS THEREFORE ORDERED:

1. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.

2. Petitioner's remaining claim for relief is DISMISSED without prejudice; and

3. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.

4. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 21st day of August, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge